UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFEREY ALAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO, *et al.*,<br><br>Defendants. | Case No. 17-cv-05825-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

On October 10, 2017, plaintiff Jefferey Alan Wilson filed this lawsuit against the City of East Palo Alto's Rent Stabilization Board, Working Dirt et al., Karen Sue Brock and Patrick Brock. Although plaintiff's complaint is somewhat difficult to decipher, it appears that plaintiff is currently involved in proceedings before the Rent Stabilization Board. According to defendant City of East Palo Alto's opposition to plaintiff's motion for a temporary restraining order,[1] plaintiff is a former tenant of a property owned by Working Dirt located at 475 Bell Street in East Palo Alto, California. The City states that Working Dirt leased the property to the Brocks, who then sub-leased a room to plaintiff. In the ongoing proceedings before the Rent Stabilization Board, plaintiff alleges that Working Dirt and the Brocks demanded excessive rents and violated habitability laws at the Property. The City states that plaintiff prevailed at the initial level of review, and that Working Dirt and the Brocks appealed, with a hearing on that appeal scheduled for the evening of October 11, 2017.

Plaintiff has filed a motion seeking a temporary restraining order with regard to the

---

[1] It is unclear from the docket whether the other defendants have been served with plaintiff's complaint and motion. The Court will address service of the complaint in a separate order.

October 11, 2017 hearing. Plaintiff requests that the Court order the Rent Stabilization Board to adopt two resolutions at the hearing that would, among other things, allow plaintiff to present "all evidence" at the hearing, award plaintiff fines and a rental credit, and direct Working Dirt to provide plaintiff with housing vouchers.

In order to obtain a temporary restraining order or a preliminary injunction, plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1099 (S.D. Cal. 2012) (standard for granting a temporary restraining order is similar to standard for granting a preliminary injunction).

Based upon the record before this Court, plaintiff has not shown that he is entitled to the requested temporary restraining order. Plaintiff has not demonstrated any basis for this Court to intervene in ongoing proceedings before the Rent Stabilization Board. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

The Court will issue a separate order regarding the sufficiency of the complaint.

**IT IS SO ORDERED**.

Dated: October 11, 2017

SUSAN ILLSTON
United States District Judge