UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFEREY ALAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO, et al.,<br><br>Defendants. | Case No. 17-cv-05825-SI<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On October 10, 2017, plaintiff filed this lawsuit against the City of East Palo Alto's Rent Stabilization Board, Working Dirt et al., Karen Sue Brock and Patrick Brock. Although plaintiff's complaint is somewhat difficult to decipher, it appears that plaintiff is currently involved in proceedings before the Rent Stabilization Board. According to defendant City of East Palo Alto's opposition to plaintiff's motion for a temporary restraining order,[1] plaintiff is a former tenant of a property owned by Working Dirt located at 475 Bell Street in East Palo Alto, California. The City states that Working Dirt leased the property to the Brocks, who then sub-leased a room to plaintiff. In the ongoing proceedings before the Rent Stabilization Board, plaintiff alleges that Working Dirt and the Brocks demanded excessive rents and violated habitability laws at the Property. The City states that plaintiff prevailed at the initial level of review, and that Working Dirt and the Brocks appealed, with a hearing on that appeal scheduled for the evening of October 11, 2017.

Plaintiff also filed an application to proceed *in forma pauperis*, which the Court granted. The statute that authorizes courts to allow lawsuits to proceed without prepayment of the filing fees also requires the Court to "dismiss the case at any time if the court determines that . . . the

---

[1] In an order filed October 11, 2017, the Court denied plaintiff's motion for a temporary restraining order.

action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)B).

The Court concludes that the complaint fails to state a claim. It appears that plaintiff seeks relief regarding the ongoing proceedings before the East Palo Alto Rent Stabilization Board. The complaint alleges, among other things, that Working Dirt filed a "dilatory appeal" and that the October 11, 2017 hearing was scheduled in violation of a Rent Stabilization Board resolution. The complaint states that the basis for federal jurisdiction is U.S. Constitution, Fourteenth Amendment, section 1. It appears that plaintiff is alleging a violation of the Due Process Clause of Fourteenth Amendment, although that is not entirely clear from the complaint.

The Court informs plaintiff that "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, a plaintiff alleging a claim under § 1983 must specifically identify the constitutional right that is at issue (such as violation of due process or equal protection under the Fourteenth Amendment). In addition, a private entity or individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). From the face of the complaint, it does not appear that Working Dirt or the Brocks are state actors.

To the extent plaintiff wishes to allege a constitutional due process violation in connection to the ongoing proceedings before the Rent Stabilization Board, the Court advises plaintiff that (1) plaintiff must allege, with specificity, how defendants are violating his due process rights, and (2) why this Court should exercise federal jurisdiction instead of allowing the administrative proceedings to proceed. *See generally Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985) (discussing elements of due process claims); *Orloff v. Cleland*, 708 F.2d 372, 378-79 (9th

Cir.1983) (same); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (discussing circumstances under which federal courts will abstain from hearing cases brought by plaintiffs who seek to enjoin ongoing state administrative proceedings); *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) ("Under the *Younger* abstention doctrine, a federal court in most circumstances may not interfere with pending state criminal or civil proceedings, including state administrative proceedings."). The court notes that the complaint appears to allege a due process violation arising from alleged delays in the administrative process and the scheduling of the October 11, 2017 hearing. Those allegations on their own are not sufficient to state a due process violation, as courts have held that delay must be excessive to rise to the level of a constitutional, and typically delay must be combined with additional irregularities to constitute a due process violation. *See generally Kouropova v. Gonzales*, 200 Fed. App'x 692, 694 (9th Cir. Sept. 1, 2006) (discussing law on due process violations in administrative context).

Accordingly, the Court DISMISSES the complaint with leave to amend. If plaintiff wishes to file an amended complaint, the complaint shall (1) provide information about why each defendant is being sued; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint; and (4) state the relief that plaintiff seeks. **Any amended complaint must be filed by October 27, 2017. If plaintiff does not file an amended complaint, the Court will close this case**. If plaintiff files an amended complaint, the Court will determine whether plaintiff has stated a claim, and if so, the Court will direct the U.S. Marshal to serve the amended complaint on defendants.

The Court also advises plaintiff that assistance is available at the Northern District's Pro Se Help Desk (415-782-8982), and at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED**.

Dated: October 12, 2017

SUSAN ILLSTON
United States District Judge